## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Lidia Garcia, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 20289 |
| | ) | |
| LVNV Funding, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

### COMPLAINT

Plaintiff, Lidia Garcia, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3.      Plaintiff, Lidia Garcia ("Garcia"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer, owed for a GE Capital account, which was then allegedly owed to a bad debt buyer, LVNV Funding, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"),

located in Chicago, Illinois.

4.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant LVNV is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect directly, or through other debt collectors.

6.      Defendant LVNV is authorized to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant LVNV conducts extensive and substantial business in Illinois.

7.      Defendant LVNV is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation attached, as Exhibit B.  In fact, Defendant acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8.      Ms. Garcia is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to GE Capital.  At some point in time after that debt became delinquent, Defendant LVNV bought Ms. Garcia's GE

2

Capital debt, and when Defendant LVNV began trying to collect this debt from her, she

sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD

program, regarding her financial difficulties and Defendant's collection actions.

9.      Specifically, Defendant LVNV hired a collection law firm, Weltman,

Weinberg & Reis, Co., L.P.A. ("Weltman"), to demand payment of the GE Capital debt

from Ms. Garcia, which did so by sending her a collection letter, dated January 4, 2011.

A copy of this collection letter is attached as Exhibit C.

10.      Accordingly, on April 14, 2011, one of Ms. Garcia's attorneys at LASPD

informed Defendant LVNV, along with its collection law firm, Weltman, that Ms. Garcia

was represented by counsel, and directed Defendant LVNV to cease contacting her,

and to cease all further collection activities because Ms. Garcia was forced, by her

financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and

fax confirmation are attached as Exhibit D.

11.      Nonetheless, Defendant LVNV then had another debt collection law firm,

Richard J. Boudreau & Associates, send Ms. Garcia a collection letter, dated May 10,

2012, demanding payment of one of the GE Capital debt.  A copy of this collection letter

is attached as Exhibit E.

12.      Accordingly, on June 6, 2012, Ms. Garcia's LASPD attorney had to send

Defendant yet another letter, directing it to cease communications and to cease

collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.      Defendant LVNV's collection actions complained of herein occurred within

one year of the date of this Complaint.

14.      Defendant LVNV's collection communications are to be interpreted under

3

the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15.　　Plaintiff adopts and realleges ¶¶ 1-14.

16.　　Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

17.　　Here, the letter from Ms. Garcia's agent/attorney, LASPD, told Defendant to cease communications and cease collections (Exhibit <u>D</u>).  By continuing to communicate regarding this debt and demanding payment (Exhibit <u>E</u>), Defendant violated § 1692c(c) of the FDCPA.

18.　　Defendant LVNV's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.　　Plaintiff adopts and realleges ¶¶ 1-14.

20.　　Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

21.     Defendant LVNV knew that Ms. Garcia was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that Ms. Garcia was represented by counsel, and had directed a cessation of communications with Ms. Garcia (Exhibit D).  By sending a collection letter to Ms. Garcia (Exhibit E), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

22.     Defendant LVNV's violation of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lidia Garcia, prays that this Court:

1.     Find that Defendant LVNV's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Garcia, and against Defendant LVNV, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lidia Garcia, demands trial by jury.

Lidia Garcia,

By: /s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated:  December 20, 2012

5

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com